IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CT-3270-FL

| | | |
|---|---|---|
| CORNELIUS LAMONT BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TERRY AVERY, ROBERT DAUGHERTY, BEVERLY DUFORD, and WAYNE HAND, | ) ) ) ) | |
| | ) | |
| Defendants.[1] | ) | |

This matter is before the court on defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (DE 22). Also before the court are defendants' motion for extension of time to complete discovery (DE 32) and plaintiff's motions for judgment on the pleadings (DE 37) and to compel (DE 39). The issues raised have been fully briefed, and in this posture are ripe for ruling. For the reasons that follow, the court grants in part and denies in part defendants' motion to dismiss. The court further denies defendants' motion for extension of time and plaintiff's motions for judgment on the pleadings and to compel.

## STATEMENT OF THE CASE

Plaintiff, a former state pretrial detainee proceeding pro se, filed this civil rights action on September 1, 2020, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff names as defendants the following officers at Lenoir County Jail: 1) Terry Avery

---

[1] Plaintiff named "Robert Daughtry" as a defendant in this case. Defendants have responded that the correct spelling of this defendant's name is "Robert Daugherty." Accordingly, the court will order the clerk to amend "Robert Daughtry" to "Robert Daugherty" on the docket.

("Avery"), a lieutenant, 2) Robert Daugherty ("Daugherty"), a captain, 3) Beverly Duford ("Duford"), an officer, and 4) Wayne Hand ("Hand"), an officer. Plaintiff alleges that defendants violated his due process rights under the Fourteenth Amendment when he was disciplined without a hearing. As relief, plaintiff seeks monetary damages.

On February 26, 2021, the court conducted its frivolity review of the complaint and allowed the matter to proceed as to plaintiff's individual capacity claims. The court dismissed plaintiff's official capacity claims. On March 29, 2021, the court amended its February 26, 2021, order to clarify the directives of the court. The substantive aspects of the order remained unchanged.

Defendants filed the instant motion to dismiss on May 4, 2021, asserting plaintiff' has failed to state a claim on which relief can be granted, failed to allege defendants Avery and Daugherty were personally involved in deprivation of plaintiff's constitutional rights, and defendant are entitled to qualified immunity. Plaintiff responded in opposition on May 19, 2021.

On May 6 and 7, 2021, plaintiff filed four separate discovery requests. On May 28, 2021, defendants filed a motion for extension of time to respond to plaintiff's requests. On November 19, 2021, plaintiff filed a motion for judgment on the pleadings to which defendants responded in opposition on December 9, 2021. On December 16, 2021, plaintiff filed a motion to compel defendants' response to the motion for judgment on the pleadings. On January 6, 2022, defendants responded in opposition.

**STATEMENT OF FACTS**

Plaintiff's relevant factual allegations are reproduced below:

> [] Duford imposed the detention[] facility['s] disciplinary measures against [plaintiff] on [July 20, 2020,] and again on [August 26, 2020]. [Plaintiff] asked both times for a hearing. [He] was told no hearings are given [f]or disciplinary. [Plaintiff] was on lock-down for 24 hours a day, [and he had] loss of use of phone for social calls, loss of all personal contact [through] visitation, and loss of canteen[.] [T]hese sanctions were identified as a disciplinary action[] taken on the

"Inmate Disciplinary Report" filed in connection with each altercation. Each lock-down was 10 days each. The restrictions were clearly imposed to punish and implicates liberty interest and triggering procedural protections. [Plaintiff] wrote [defendant] Avery to grant [him] a hearing. [Defendant Avery] has refused to respond as of yet. [Defendant Daugherty,] in a previous grievance [plaintiff] filed, told [him] no hearings are given for disciplinary. [Defendant] Hand aided [defendant] Duford in the disciplinary measure against [plaintiff] on [August 26, 2020]. No one in the chain of command aided me in getting a hearing.

(Compl. (DE 1) at 5).

## COURT'S DISCUSSION

A.   Motion for Extension of Time

The court first addresses defendants' motion for extension of time to respond to plaintiff's discovery requests. Plaintiff appears to have filed his requests on the docket. Plaintiff must serve discovery requests on defendants; the requests should not be filed on the court's docket. See Fed. R. Civ. P. 34(a). The court also has not entered a scheduling order governing discovery in this action, and therefore plaintiff's requests and defendants' motion are premature at this time. Accordingly, the court denies defendants' motion.

B.   Motion for Judgement on the Pleadings and Motion to Compel Response

The court next turns to plaintiff's motion for judgment on the pleadings and motion to compel response. The record shows that defendants responded within the relevant deadline, and therefore, plaintiff's motion to compel is denied.

A party may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c). Federal Rule of Civil Procedure 7(a) defines a "pleading" as: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." A motion to dismiss and memorandum in support thereof are not pleadings. See Fed. R. Civ. P. 7(a); see

3

also Dalenko v. Stephens, 917 F. Supp. 2d 535, 541–42 (E.D.N.C. Jan. 8, 2013) ("The state judicial Defendants' Motion to Dismiss and memorandum in support thereof is not a "pleading" within the meaning of the Federal Rules of Civil Procedure."); Kalos v. Law Offices of Eugene A. Seidel, P.A., No. 1:09cv833(JCC), 2009 WL 3583606 at *5 (E.D. Va. Oct. 26, 2009) ("[N]either a motion to dismiss nor a memorandum in support thereof constitutes a pleading."). Under Rule 12(c), "'the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, crossclaim, or third-party claim is interposed.'" Mandujano v. City of Pharr, Texas, 786 F. App'x 434, 436 (5th Cir. 2019) (quoting 5C Charles Alan Wright et al., Federal Practice and Procedure § 1367 (3d ed. Apr. 2019 Update)); see also Burbach Broad. Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 405 (4th Cir. 2002) (noting the pleadings were closed after defendant filed an answer to the complaint).

Here, the only pleading that has been filed is the complaint. (See Compl. (DE 1)). Defendants' motion to dismiss is not a pleading. Thus, plaintiff's motion for judgment on the pleadings is premature and is denied.

C.  Motion to Dismiss

  1.  Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable

expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556. In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

2. Analysis

    a. Claims Against Defendants Avery and Daugherty

The court first turns to plaintiff's claims against defendants Avery and Daugherty. A plaintiff establishes personal liability under § 1983 by "affirmatively show[ing] that the official charged acted personally in the deprivation of the plaintiff's rights." Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018). This means that "the official's own individual actions must have violated the Constitution." Id. (citing Iqbal, 556 U.S. at 676). "Importantly, mere knowledge of such a deprivation does not suffice." Id.

Defendants argue that plaintiff had failed to allege that defendants Avery and Daugherty were personally involved with depriving plaintiff of his constitutional rights. (Def. Mem. (DE 23) at 13). As noted above, plaintiff wrote to defendant Avery requesting a disciplinary hearing. (Compl. (DE 1) at 5). However, plaintiff alleges defendant has not responded and further fails to allege defendant Avery in fact received the letter. (Id.). Regarding defendant Daugherty, plaintiff alleges that, in response to a previous grievance plaintiff filed, defendant Daugherty informed plaintiff there are no disciplinary hearings. (Id.). Such allegations are insufficient to demonstrate that defendants Avery and Daugherty acted personally in depriving plaintiff of his constitutional

5

rights at issue in the instant case. Accordingly, plaintiff fails to state a claim as to defendant's Avery and Daugherty, and the claims against these defendants are dismissed.

      b. Fourteenth Amendment Claims

The court now considers plaintiff's remaining Fourteenth Amendment claims. Plaintiff alleges defendants violated his due process rights when he was not granted a disciplinary hearing before being punished by Lenoir County Jail officials. Along with arguing that plaintiff has failed to state a claim upon which relief may be granted, moving defendants assert the defense of qualified immunity as to plaintiff's claims. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In other words, a government official is entitled to qualified immunity when: 1) the plaintiff has not demonstrated a violation of a constitutional right, or 2) the court concludes that the right at issue was not clearly established at the time of the official's alleged misconduct. Booker v. S.C. Dep't of Corr., 855 F.3d 533, 538 (4th Cir. 2017).

Under the Fourteenth Amendment, "a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." Bell v. Wolfish, 441 U.S. 520, 536 (1979); see also Williamson, 912 F.3d at 173. An individual pretrial detainee may raise a substantive due process claim challenging his conditions of confinement

> where they are so disproportionate or arbitrary that they are not related to legitimate penological objectives and amount to punishment. [Williamson, 912 F.3d at 174-76]. To prevail on such a claim, a detainee must show that the challenged treatment or conditions were either (1) imposed with an express intent to punish, or (2) not reasonably related to a legitimate nonpunitive objective, in which case an intent to punish may be inferred. Id. at 178.

Tate v. Parks, 791 F. App'x 387, 390 (4th Cir. 2019).

A pretrial detainee may also pursue a procedural due process claim challenging

6

individually-imposed restrictions. Williamson, 912 F.3d at 174 (citing Dilworth v. Adams, 841 F.3d 246, 250–52 (4th Cir. 2016)). Regulatory restraints, including administrative and disciplinary measures, may be constitutionally imposed to maintain security and order in detention facilities. Id. 174–75 (citing Bell, 441 U.S. at 540). "Accordingly, jail officials are entitled to discipline pretrial detainees for infractions committed in custody and to impose restrictions for administrative purposes." Id. at 175 (citing Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir. 1996)). However, such measures "implicate a pretrial detainee's liberty interest in remaining free from punishment" and "can trigger due process protections." Id. (citing Dilworth, 841 F.3d at 251–52).

> If the restriction imposed by jail officials is a disciplinary one – arising from a pretrial detainee's misconduct in custody – the detainee is entitled to notice of the alleged misconduct, a hearing, and a written explanation of the resulting decision. . . . If, however, a restriction imposed by the jail officials is for administrative purposes – which include managerial and security needs – the level of process to which the pretrial detainee is entitled is diminished. In those situations, the courts of appeals have generally concluded that some level of process must be afforded to the pretrial detainee, even if the process is provided after the restriction has been imposed.

Id. Moreover, disciplinary and administrative restrictions must be "rationally related to a legitimate governmental purpose, regardless of the procedural protections provided." Id. at 176 (citing Bell, 441 U.S. at 539)).

Plaintiff alleges that, after two different "altercations," he was placed in 24-hour lock-down for a total of ten days each and that he lost privileges such as social telephone calls, visitation, and visiting the canteen. (Compl. (DE 1) at 5). Plaintiff further notes that these sanctions were recorded as disciplinary actions in the "Inmate Disciplinary Report." (Id.). Defendants argue that plaintiff has not adequately alleged that the restrictions placed on plaintiff were done with the intent to punish, and such restrictions were de minimis restrictions that do not implicate the Constitution. (Def. Mem. (DE 23) at 7–8).

7

In stating that plaintiff's restrictions were recorded as disciplinary actions in the "Inmate Disciplinary Report," Plaintiff has sufficiently alleged that defendants Duford and Hand confined plaintiff to his cell 24 hours a day and limited his privileges as a form of punishment. (See Compl. (DE 1) at 5). Moreover, restricting plaintiff to his cell 24 hours a day with no visitors and limited opportunities to interact with others is not a de minimis restriction and implicates plaintiff's Fourteenth Amendment due process rights. See Williamson, 912 F.3d at 162, 179–86 (determining that holding plaintiff "on lockdown 24 hours a day" implicated his substantive and procedural due process rights); Tate, 791 F. App'x at 390–91 (concluding restricting plaintiff to his cell "for 23 hours a day, with no visitors and extremely limited opportunities to exercise, access the library, or interact with anyone else" implicated his Fourteenth Amendment due process rights). Accordingly, the court finds plaintiff's complaint states a claim for violation of his clearly established Fourteenth Amendment due process rights. See Williams, 912 F.3d at 187–90 ("It has been clearly established since at least 1979 that pretrial detainees are not to be punished.").

## CONCLUSION

Based on the foregoing, the court DENIES defendants' motion for extension of time (DE 32), and plaintiff's motions for judgment on the pleadings (DE 37) and to compel (DE 39). Defendants' motion to dismiss (DE 22) is GRANTED IN PART and DENIED IN PART. The court GRANTS the motion with respect to plaintiff's claims against defendants Avery and Daugherty. Such claims are dismissed for failure to state a claim, and defendants Avery and Daugherty are dismissed from this action. The court DENIES the motion as to the remaining

claims against defendants Duford and Hand.  The clerk is DIRECTED to amend the docket as provided in footnote one.  An initial order will follow.

    SO ORDERED, this the 23rd day of March, 2022.

                                                                           _____
                                                                           LOUISE W. FLANAGAN
                                                                         United States District Judge